UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD KERLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRADLEY ROBERT SERVIES, in his individual and official capacities, ISRAEL Z. SALAZAR, Officer, in his individual and official capacities, and CITY OF LAFAYETTE, a municipality within the Count of Tippecanoe Indiana,<br><br>　　　　　Defendants. | CAUSE NO.: 4:23-CV-22-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Objection to Magistrate's Order and Motion to Reconsider [ECF No. 20]. On March 6, 2023, the Plaintiff filed a Complaint against the Defendants. ECF No. 1. The Defendants filed an Answer on April 26, 2023. ECF No. 11. On May 23, 2023, more than 21 days after the Defendants filed their Answer, the Plaintiff filed an Amended Complaint. ECF No. 15. On May 25, 2023, Magistrate Judge John E. Martin struck the Plaintiff's Amended Complaint as untimely under Federal Rule of Civil Procedure 15(a)(1)(B) because the Plaintiff did not file the Amended Complaint within 21 days after service of the Defendants' Answer, with the opposing party's written consent, or with the Court's leave. *See* ECF No. 16. For the following reasons, the Court overrules the Plaintiff's Objection and Motion to Reconsider.

**LEGAL STANDARD**

While "[t]echnically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure," *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F. App'x 382, 384 (7th

Cir. 2002), the Rules do provide an avenue for challenging a non-dispositive order rendered by a magistrate judge, *see* Fed. R. Civ. P. 72(a). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## ANALYSIS

The Plaintiff argues that the Magistrate Judge's Order incorrectly concluded that his Amended Complaint was untimely. Specifically, the Plaintiff argues that under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, he had until May 22, 2023, to file an Amended Complaint and that his Amended Complaint is timely because he filed it on May 22, 2023. The Plaintiff filed his Amended Complaint on May 23, 2023, and therefore the Court denies the Plaintiff's challenge to the Magistrate Judge's Order.

Rule 15(a) of the Federal Rules of Civil Procedure provides deadlines for when a party may amend a pleading before trial. Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Rule 6(d) further provides that when service is made by mail, "3 days are added after the period would otherwise expire."

The Plaintiff filed his Complaint on March 6, 2023. ECF No. 1. Defendants City of Lafayette, Israel Salazar, and Bradley Servies filed an Answer—"a responsive pleading"—on April 26, 2023. ECF No. 11. To comply with Rule 15(a), the Plaintiff would have had to file his

Amended Complaint within 21 days of the Defendants' Answer, by May 17, 2023. However, Federal Rule of Civil Procedure 6(d) gave the Plaintiff an additional three days, until May 20, 2023, because the Plaintiff received service by mail. And, since May 20, 2023, was a Saturday, the Plaintiff had an additional two days to file an Amended Complaint, until Monday, May 22, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

The Plaintiff incorrectly states in the instant Objection and Motion that he filed his Amended Complaint on May 22, 2023. Instead, the record reflects that the Plaintiff filed his Amended Complaint on May 23, 2023. ECF No. 15. Therefore, the Plaintiff's Amended Complaint was untimely under the Federal Rules of Civil Procedure and was appropriately stricken by the Magistrate Judge's Order. *See, e.g.*, *In re Ameriquest Mortg. Co. Mortg. Lending Pracs. Litig.*, No. 5 C 7097, 2015 WL 12791432, *3 (N.D. Ill. July 27, 2015) (finding a filing untimely after counting the deadline permitted by the applicable rule and adding three days pursuant to Rule 6(d)).

## CONCLUSION

Based on the foregoing, the Court hereby OVERRULES the Plaintiff's Objection to Magistrate's Order and Motion to Reconsider [ECF No. 20].

SO ORDERED on November 8, 2023.

                                           s/ Theresa L. Springmann
                                           JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT